# ERIKSON LAW GROUP

Attorneys
200 N. Larchmont Blvd. Los Angeles California 90004

Telephone (323) 465-3100 | Facsimile (323) 465-3177 | david@daviderikson.com

April 16, 2021

**MEMORANDUM ENDORSEMENT**

VIA ECF

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** *WeWoreWhat LLC, et al. v. CV Collection, LLC d/b/a The Great Eros*, Case No. 1:20-cv-08623-PAE consolidated with *CV Collection, LLC d/b/a The Great Eros v. WeWoreWhat LLC, et al.*, Case No. 1:21-cv-01623-PAE – Application seeking adjournment sine die of April 23, 2021 settlement conference

Hon. Gabriel W. Gorenstein,

    We represent CV Collection, LLC d/b/a The Great Eros ("Plaintiff") in the above-referenced consolidated matter. We write pursuant to paragraph 8 of the Court's Order Scheduling Settlement Conference (Dkt. 26, filed March 26, 2021).

    Today we learned information that requires the settlement conference, scheduled for April 23, 2021, be delayed more than 45 days so that CV Collection may have the opportunity to pursue discovery necessary for fruitful settlement discussions.

    Plaintiff has discovered that one of its witnesses was bullied and intimidated into abruptly changing her testimony favoring Plaintiff. The witness, a former employee of defendant Onia, LLC, had provided personal, first-hand accounts to Plaintiff and to Plaintiff's counsel of defendants engaging in willful infringement of Plaintiff's design. Text exchanges and communications with the witness support these claims. After tearfully contacting Plaintiff's counsel saying that she was being harassed by defendants, the witness went silent. Now, one week before the settlement conference, defendants' counsel announced that they represent the witness and presented a purported declaration from the witness in which she disclaims all her prior statements and denies that she has any knowledge of defendants' copying. Plaintiff must be afforded the opportunity to investigate the witness's about-face in her statements and the coercion tactics that caused such change.

    This case arises from defendant WeWoreWhat LLC ("WWW"), Onia, LLC ("Onia"), Danielle Bernstein ("Bernstein") (WWW, Onia, and Bernstein, collectively, the "Bernstein

Hon. Gabriel W. Gorenstein
Page 2

Defendants"), Saks Fifth Avenue, Inc., Carbon 38, Inc., and Bop LLC's copyright and trademark infringement of Plaintiff's design. Plaintiff is known for a certain distinctive graphic design, featured on tissue paper accompanying its goods (and on some of the goods themselves). The original design is protected by copyright—and because it is used and recognized as a source identifier, it is also protected by the Lanham Act. Plaintiff sued because Defendants produced and sold products featuring a design that infringes Plaintiff's design. Two of the Bernstein Defendants, WWW and Onia, brought a preemptive declaratory relief complaint seeking a declaration of non-infringement of Plaintiff's intellectual property rights. The two actions were consolidated by Judge Paul A. Engelmayer (Dkt. 22, filed March 17, 2021) at the parties' joint letter request.[1]

Plaintiff and the Bernstein Defendants exchanged initial disclosures on February 16, 2021. In its initial disclosures Plaintiff identified Chloe Kim, a former employee of defendant Onia, as a key witness. The Bernstein Defendants did not identify Ms. Kim as a witness in their disclosures.[2]

As confirmed by Ms. Kim to Plaintiff and to Plaintiff's counsel, Jeff Gluck, Ms. Kim has direct knowledge of the Bernstein Defendants' bad acts, including copying of Plaintiff's design. Ms. Kim was prepared to testify that she participated in several meetings and discussions with staff members of Onia and WWW about copying Plaintiff's design to use for the Onia/WWW swimwear collection; that Plaintiff's design was used to create a pattern for the Onia/WWW collection; and that Ms. Kim had raised concerns about the copying with her colleagues.

Plaintiff served Requests for Production and Interrogatories on the Bernstein Parties on February 23, 2021.

The parties later agreed to attend a settlement conference to attempt an early resolution of this matter. The Bernstein Defendants proposed that the parties stay the action, including all discovery, to allow the parties to focus on mediation and settlement efforts. Because of her key testimony and damaging evidence against defendants, Plaintiff insisted on having Ms. Kim's deposition prior to the settlement conference. The parties ultimately agreed that all discovery would be stayed except for Ms. Kim's deposition. Ms. Kim's deposition was noticed and scheduled for April 21, 2021.

On March 18, Plaintiff caused Ms. Kim to be personally served with a deposition subpoena for the April 21 deposition. At no time did counsel for the Bernstein Defendants advise

---

[1] Defendant Danielle Bernstein has been repeatedly accused of willful infringement and is known for sharp litigation tactics against smaller victims who are unable to bear the expense of pursuing their claims. Furthering that reputation, the Bernstein Defendants have engaged in scorched earth legal maneuvers here, unnecessarily increasing the litigation costs and complexity at every opportunity, all the while demanding that Plaintiff drop its claims or suffer the crush of Ms. Bernstein's limitless pursuit of Plaintiff's demise by "any means necessary."

[2] In addition to Ms. Kim, Plaintiff identified several other witnesses and produced a declaration from a witness with its initial disclosures. The Bernstein Defendants did not produce any declarations or documents with their initial disclosures.

Hon. Gabriel W. Gorenstein
Page 3

that they represented Ms. Kim or had been in contact with Ms. Kim. Nor did the Bernstein Defendants' counsel suggest or propose that they would be presenting or preparing a declaration from Ms. Kim.

After the settlement conference had been scheduled at the parties' request, the parties submitted a joint request for stay on March 26, 2021 (Dkt. 27). The court granted the request on March 29, 2021 (Dkt. 28).

Late in the day on April 15, counsel for the Bernstein Defendants served certain documents on Plaintiff. Those documents included a declaration purporting to be from Chloe Kim signed April 13. At no time prior to serving the declaration did counsel for the Bernstein Defendants advise that they represented Ms. Kim or had been in contact with Ms. Kim. The declaration refuted Ms. Kim's prior statements to Plaintiff and Plaintiff's counsel, claimed that Ms. Kim does not speak English as her first language, and disclaimed any knowledge of copying by Onia. Counsel for the Bernstein Defendants still did not give any indication that they represented Ms. Kim.

At no time during the discussions concerning the need for Ms. Kim's deposition prior to mediation did the Bernstein Defendants advise that their counsel represented Ms. Kim or that they would be presenting a declaration from Ms. Kim.

On April 16, the day after they provided a purported declaration from Ms. Kim, counsel for the Bernstein Defendants advised that they represented Ms. Kim and that all inquiries related to her deposition should be directed through them. They "offered" that Ms. Kim and they were agreeable to postpone Ms. Kim's deposition until after the mediation.

By email sent at 4:25 pm on April 16, Eric Lee, counsel for the Bernstein Defendants advised that his firm had represented Ms. Kim since "before receiving your subpoena." Mr. Lee offered no explanation as to why he and his co-counsel had previously failed to disclose his firm's representation of Ms. Kim.

Before proceeding with a mediation, Plaintiff must receive discovery as to Ms. Kim's about-face on the Bernstein Defendants' copying; her refutation of the claims she made to Plaintiff and to Plaintiff's counsel; and her communications with defendants and their counsel. Plaintiff is entitled to all communications between Ms. Kim and any of the defendants as well as to communications with the Bernstein Defendants' counsel prior to the time they began to represent Ms. Kim. The circumstances under which Ms. Kim came to be represented by the Bernstein Defendants' counsel are also subject to discovery.

Plaintiff intends to pursue document requests to the defendants concerning their communications with Ms. Kim as well as document requests to Ms. Kim seeking her communications with defendants and her pre-representation communications with the Bernstein Defendants' counsel. To have a full and fair deposition of Ms. Kim, Plaintiff needs the documents before the deposition may proceed.

Hon. Gabriel W. Gorenstein
Page 4

     Additional depositions of any persons who participated in the intimidation of Ms. Kim or other witness tampering may also be necessary.

     It would not be fruitful to participate in a mediation before the full extent of the defendants' witness intimidation tactics and interactions with Plaintiff's witnesses are known. The case is currently stayed which stay will be abrogated as of April 30, 2021 when defendants' answers to Plaintiff's complaint are due.[3] The parties are also due to file a joint status report to the court by May 7, 2021, including, if the case is not settled, a proposed revised scheduling order.

     Because the case is currently stayed and because Plaintiff will not be able to serve or pursue discovery until after April 30, 2021, the settlement conference adjournment will, of necessity, be longer than 45 days.

     Earlier today, immediately upon learning of the information surrounding Ms. Kim's declaration and the Bernstein Defendants' counsel's newly revealed representation of Ms. Kim, Plaintiff advised defendants' counsel that Plaintiff would be seeking an adjournment sine die of the settlement conference for more than 45 days to allow pursuit of necessary discovery and requested defendants' counsel state their position as to the adjournment. Although defendants' counsel had exchanged several emails with Plaintiff's counsel today, defendants' counsel failed to respond to this request or to provide their position as to the adjournment. Plaintiff therefore does not know whether defendants are opposed to or support adjournment.

     A settlement conference at this juncture would be fruitless. Plaintiff therefore respectfully requests that the court adjourn the scheduled April 23, 2021 settlement conference sine die to allow for the necessary discovery as described herein to be taken.

     Respectfully submitted,

*/s/ David A. Erikson*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com

David A Erikson
Erikson Law Group
200 North Larchmont Boulevard
Los Angeles, CA 90004
323-465-3100

---

[3] The Bernstein Defendants' answers were originally due months ago. Plaintiff stipulated to extend the answer deadlines only because of the parties' agreement to focus on settlement. It is hard not to believe Plaintiff was duped and that the Bernstein Defendants' sole goal was delay.

Fax: 323-465-3177
Email: david@daviderikson.com

*Attorneys for CV Collection, LLC*

**In the Court's view, a settlement conference should be held only once all parties have the information or discovery they believe they need.  Accordingly, the settlement conference scheduled for April 23, 2021, is adjourned sine die.  The parties shall write to the undersigned as soon as they are prepared to proceed with the settlement conference.  The status letter to Judge Engelmayer required by Docket # 28 shall be filed by April 30, 2021.**

**So Ordered.**

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
**April 19, 2021**